[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 80.]

OFFICE OF DISCIPLINARY COUNSEL *v*. PHILLIPS.

[Cite as *Disciplinary Counsel v. Phillips*, 1998-Ohio-520.]

*Attorneys at law—Misconduct—Disbarment—Conduct involving moral turpitude—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Conduct prejudicial to the administration of justice— Conduct that adversely reflects on fitness to practice law—Neglect of an entrusted legal matter—Refusing to cooperate in disciplinary investigation—Practicing law in a jurisdiction in violation of the regulations of the profession in that jurisdiction—Failing to deliver to client funds or property client is entitled to receive—Failing to preserve identity of client funds.*

(No. 97-1810—Submitted October 7, 1997—Decided February 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-44.

———————————

{¶ 1} On December 7, 1994, we suspended respondent, Thomas Ewing Phillips of Chillicothe, Ohio, Attorney Registration No. 0008582, from the practice of law for one year, with that one year stayed, and we placed respondent on probation for two years. Among the conditions we imposed were that respondent enter into a contract with the Ohio Lawyers Assistance Program and abide by its terms for the following two years, and that no disciplinary complaints be certified to the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") by a probable cause panel within those two years. *Disciplinary Counsel v. Phillips* (1994), 71 Ohio St.3d 98, 642 N.E.2d 344.

{¶ 2} On October 10, 1996, based upon a petition for revocation of probation by relator, Office of Disciplinary Counsel, we revoked the probation of

respondent and imposed the original one-year suspension pending issuance of a final order. In *Disciplinary Counsel v. Phillips* (1997), 78 Ohio St.3d 311, 677 N.E.2d 1187, we found that respondent had pled guilty to the misdemeanor of having an open container of beer or intoxicating liquor in a motor vehicle and had not, by April 1996, begun participation in the Ohio Lawyers Assistance Program. We therefore revoked respondent's two-year probation and reinstated the order of December 7, 1994 suspending respondent for one year with no probation.

{¶ 3} On March 14, 1997, relator filed an amended nine-count complaint charging that respondent had violated several Disciplinary Rules. In count one, relator alleged that on May 16, 1996, a bill of information was filed charging respondent with four counts of forgery in the course of his representation of Gary Hatfield, executor of the estates of Arthur Siders and Samuel Siders. After respondent waived time for arraignment and speedy trial, his case was placed on an inactive list, and he was accepted into a pretrial diversion program. Relator alleged that respondent's conduct had violated DR 1-102(A)(3) (conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct that adversely reflects upon the fitness to practice law), and 6-101(A)(3) (neglect of an entrusted legal matter).

{¶ 4} In count two of the complaint, relator alleged that respondent failed to reply to its inquiries regarding a grievance filed by Loretta Parrott in December 1995, and that as a result respondent violated Gov.Bar R. V(4)(G) (refusing to cooperate in a disciplinary investigation).

{¶ 5} In count three of the complaint, relator alleged that from November 1990 though March 1994 while representing William Targee, executor of the estate of Thelma Daken, respondent was repeatedly late in filing inventory and accountings. As a result, Targee was twice cited by the probate court for contempt and twice received warnings from the court, but respondent's later filings of the

appropriate documents resolved the court's complaints. Relator asserted that respondent's failure to act promptly in representing Targee was a violation of DR 6-101(A)(3).

**{¶ 6}** Count four of relator's complaint alleged that respondent was engaged by Deborah McMullen to file a bankruptcy action in September 1996. After McMullen paid a retainer to respondent, she was unable to contact him, and relator was unable to obtain any answer from respondent in its attempt to investigate McMullen's grievance. Relator alleged that respondent's failure to act in the McMullen matter violated DR 1-102(A)(6) and 6-101(A)(3), and Gov.Bar R. V(4)(G).

**{¶ 7}** Relator alleged in count five that on or about December 1992, Anna Keaton hired respondent to probate the estate of Pascaline Watts. After the estate was opened, Keaton was unable to contact respondent or obtain papers relating to the estate that are still in respondent's possession. Keaton was cited for contempt by the probate court for failure to file an inventory. Relator alleged that respondent's failure to act had violated DR 1-102(A)(5) and (6) and 6-101(A)(3).

**{¶ 8}** The allegations in count six of the complaint were that on October 17, 1996, respondent, with knowledge of the revocation of his probation and reinstatement of his suspension, received a fee from and represented Dean Bocook in municipal court in violation of DR 1-102(A)(5) and (6) and 3-101(B) (practicing law in a jurisdiction in violation of the regulation of the profession in that jurisdiction).

**{¶ 9}** In count seven, relator alleged that when representing Darrell Steve Hatfield in a criminal case, respondent forged Darrell's signature to an affidavit of indigency, and when representing Darrell and Melissa Hatfield in a civil suit forged Darrell's name to a request for hearing. Relator alleged that respondent's conduct violated DR 1-102(A)(3), (4), (5), and (6).

{¶ 10} In count eight, relator alleged that respondent, in representing Melvin Jones as fiduciary in the estate of Romance Lee Thomas, filed an inventory late, and then failed to file an accounting. Jones was unable to contact respondent to obtain the estate records and has been cited in contempt by the probate court. In the same count, relator alleged that after being hired by Linda Woodfork to represent her in probating the estate of Danny Woodfork, respondent failed to file an accounting or keep in contact with Woodfork and, as a result, Woodfork was cited for contempt by the probate court. In that count, relator also alleged that respondent failed to file an accounting or return the files of the Arthur Campbell estate to the fiduciary after being hired to probate that estate. Also in the same count, relator alleged that after being hired to probate the estate of Lillian Gougeon, respondent failed to file an accounting and failed to respond to the fiduciary's attempts to contact him. All these actions, alleged relator, violated DR 1-102(A)(5) and (6), 6-101(A)(3), and 9-102(B)(4) (failing to deliver to a client funds or property the client is entitled to receive).

{¶ 11} Relator alleged in count nine of the complaint that from January 1991 through October 1996, respondent used the same bank account both as his client trust account and as a personal checking account. As a result, relator alleged that respondent violated DR 1-102(A)(6) and 9-102(A) (failing to preserve the identity of client funds).

{¶ 12} Respondent failed to answer or plead to the amended complaint and relator filed a motion for default. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent had received adequate notice and the opportunity to plead or respond. It then found the facts as alleged in the amended complaint and concluded that respondent had violated the Disciplinary Rules and Rules for the Government of the Bar as cited by relator. The panel recommended that respondent be disbarred from the practice

of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

———————————

***Per Curiam.***

**{¶ 13}** We adopt the findings, conclusions, and recommendations of the board. Respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————